IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

LIDIA ESCOBAR MAYA,                          §
                                             §
    Petitioner,                              §
                                             §
v.                                           §    CAUSE NO. EP-26-CV-161-KC
                                             §
KRISTI NOEM et al.,                          §
                                             §
    Respondents.                             §

## ORDER

On this day, the Court considered the case.  On March 10, 2026, Escobar Maya informed the Court that although she was released from physical custody and her driver's license was returned to her, Respondents imposed an "unreasonable condition of release"—an ankle monitor. *See* Mot. Remove Ankle Monitor ¶ 8, ECF No. 14.  The Court thus ordered Respondents to file a response, explaining their authority to impose an ankle monitor, their position as to the reasonableness of an ankle monitor as a condition of release, and their position regarding the Court's authority to order them to remove the ankle monitor.  *See* March 11, 2026, Order 2, ECF No. 15.

Respondents have now filed their Response, ECF No. 16.  Respondents argue that because "Petitioner is still in immigration removal proceedings," this "generally subjects [her] to discretionary conditions of release under 8 U.S.C. § 1226(a) to address flight risk and public safety concerns."  *Id.* at 4.  And that an ankle monitor "is reasonable as a condition of release." *Id.*  Moreover, Respondents argue, Escobar Maya was required to challenge the conditions of her release with the immigration court within seven days of her release.  *Id.* at 2.  And that,

"[t]hereafter, application for modification of bond or release may be made only to DHS." *Id.* at 2–3.

Accordingly, the Court **ORDERS** that Petitioner shall **FILE** a reply to Respondents' Response, **by no later than March 26, 2026**, with citation to authority, addressing Respondents' arguments, and providing the following information: (1) whether Escobar Maya was released pursuant to an order of an Immigration Judge ("IJ"), and if so, the specific conditions of release ordered by the IJ; (2) whether Escobar Maya was released at the discretion of Immigration and Customs Enforcement ("ICE"); and (3) whether Escobar Maya has challenged ICE's imposition of an ankle monitor as a condition of her release with the immigration court.

**SO ORDERED**.

**SIGNED this 19th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2