**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LIDIA ESCOBAR MAYA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-161-KC** |
| | § | |
| **KRISTI NOEM et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the case. On March 10, 2026, Escobar Maya informed the Court that although she was released from physical custody and her driver's license was returned to her, Respondents imposed an "unreasonable condition of release"—an ankle monitor. *See* Mot. Remove Ankle Monitor ¶ 8, ECF No. 14. The Court thus ordered Respondents to file a response, explaining their authority to impose an ankle monitor, their position as to the reasonableness of an ankle monitor as a condition of release, and their position regarding the Court's authority to order them to remove the ankle monitor. *See* March 11, 2026, Order 2, ECF No. 15.

Respondents have now filed their Response, ECF No. 16. Respondents argue that because "Petitioner is still in immigration removal proceedings," this "generally subjects [her] to discretionary conditions of release under 8 U.S.C. § 1226(a) to address flight risk and public safety concerns." *Id.* at 4. And that an ankle monitor "is reasonable as a condition of release." *Id.* Moreover, Respondents argue, Escobar Maya was required to challenge the conditions of her release with the immigration court within seven days of her release. *Id.* at 2. And that,

"[t]hereafter, application for modification of bond or release may be made only to DHS."  *Id.* at 2–3.

The Court thus ordered Escobar Maya to file a reply, addressing Respondents' arguments and stating whether she was released pursuant to an order of an Immigration Judge ("IJ"), and if so, the conditions of her release, whether she was released at the discretion of Immigration and Customs Enforcement ("ICE"), and whether she has challenged ICE's imposition of an ankle monitor with the immigration court.  Mar. 19, 2026, Order 2, ECF No. 17.

Escoabr Maya has now filed a Reply, ECF No. 18.  She states that she was physically released from custody on February 10, 2026,  pursuant to ICE's discretion, not an IJ's order.  *Id.* at 2.  She states that, as of March 26, she "has not had any bond or Master Calendar hearing scheduled in front of an Immigration Judge."  *Id.*  Upon Escobar Maya's physical release, she was placed on an Alternative to Detention Program ("ATD") through an ankle monitor.  *Id.* at 2.  On February 27, at her ATD appointment, Escobar Maya requested that her ankle monitor be removed, but ICE refused to do so.  *Id.* at 2–3.  On March 5, Escobar Maya's counsel submitted a written request to ICE to remove the ankle monitor.  *Id.* at 3.  At Escobar Maya's next appointment, ICE removed the ankle monitor but placed her "in a very restrictive form of supervision instead," including monthly in-person check-ins, weekly ICE visits at Escobar Maya's home for which she is required to be available for thirteen hours, and submission of photographs at random times upon ICE's request.  *Id.*  Escobar Maya's counsel requested that ICE reduce these conditions, but the request was denied on March 20.  *Id.*

Escobar Maya contends that Respondents have violated the Court's February 3, 2026, Order "because these are not reasonable conditions of release as [she] is not a flight risk nor a danger to the community."  *Id.*

2

ICE has the discretionary authority to release an individual in removal proceedings on payment of a bond and other conditions of release.  8 U.S.C. § 1226(a)(2); *see also* 8 C.F.R. § 236.1(c)(8) ("Any officer . . . may, in the officer's discretion, release an alien . . . under the conditions at [8 U.S.C. § 1226(a)(2)].").  ICE's custody determination, including any conditions of release, are then reviewable by an IJ.  *See* 8 C.F.R. § 1236.1(d)(1) ("After an initial custody determination . . . the respondent may . . . request amelioration of the conditions under which he or she may be released.").  This Court has thus held that once an IJ issues a custody determination, ICE cannot impose additional conditions of release not included in the IJ's order.  *See Montes Aguillon v. Bondi*, No. 3:26-cv-71-KC, 2026 WL 531899, at *2 (W.D. Tex. Feb. 25, 2026).  But where, like here, ICE issues the initial custody determination, that custody determination, and any conditions of release imposed pursuant to it, must be challenged in immigration court, by requesting review by an IJ.  And the regulations require that if the individual was released, they must request this review within seven days of their release.  *See* 8 C.F.R. § 1236.1(d)(1).  After which, they may only request review by DHS, and then the Board of Immigration Appeals.  *See id.* §§ 1236.1(d)(2–3).

Here, Escobar Maya has made multiple requests to ICE to modify the conditions of her release.  *See* Reply 2–3.  But she has not requested review of any of these conditions by an IJ. *See generally id.*  Although Escobar Maya states that she has not been provided with a bond hearing or scheduled for a Master Calendar hearing before an IJ, she does not indicate that this precluded her from requesting an IJ to review her release conditions.  *See id.* at 2; *see generally id.*  And Escobar Maya has now been released for over thirty days and has been subject to the new conditions for at least seven days.  *See id.* at 2–3.  Accordingly, Escobar Maya was required to challenge her conditions in the immigration court, not this Court.  And she offers no authority

to the contrary.[1]  Therefore, the Court finds that Respondents have complied with its February 3, 2026, Order, and Escobar Maya is not entitled to additional relief.

It appears that the only remaining matter to be resolved in this case is Escobar Maya's request for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA").  *See* Pet. 19, ECF No. 1; *see generally* Feb. 3, 2026, Order.  However, successful immigration habeas petitioners are not entitled to attorneys' fees under the EAJA.  *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, **the Clerk shall close the case**.

**SO ORDERED**.

**SIGNED this 1st day of April, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[1] Escobar Maya cites to three district court decisions in support of her assertion that "Courts have found it proper to ameliorate unlawful conditions of release pursuant to a habeas petition."  Reply 4.  However, two of these decisions addressed ICE's imposition of an ankle monitor and other conditions of release that were not included in an IJ order.  *See Batz Barreno v. Baltasar*, No. 25-cv -3017, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026); *N- N- v. McShane*, No. 25-cv-5494, --- F. Supp. 3d ----, 2025 WL 3143594, at *3 (E.D. Pa. Nov. 10, 2025).  And the third decision addressed ICE's imposition of additional conditions of release that were not included in the individual's prior custody determination under which he had been released previously.  *See Palacio v. Hermosillo*, No. 25-cv-1983, 2025 WL 4033287, at * (W.D. Wash. Dec. 22, 2025), report and recommendation adopted sub nom. *Quiva Palacio v. Wamsley*, 2026 WL 84930 (Jan. 12, 2026).  Thus, none of these decisions support Escobar Maya's argument that the Court can address conditions of release imposed by ICE in an initial custody determination.